UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*In re*:

JEFFREY PAUL O'BRIEN, :

   and :

LEONARD O'BRIEN, :

   and :

MARGRET O'BRIEN, :

   and :

STEPHEN O'BRIEN, :

   and : ***COMPLAINT FOR DAMAGES***

ELLEN HORTON, :

   and : Civil Action No.: _____

ELIZABETH LINEHAN, :

   and :

DANIEL LANE GAFFNEY, :

   and :

ROBERT EDWARD GAFFNEY, :

   and :

ROSEMARY GAFFNEY, :

   and :

DAVID GAFFNEY, :

   and :

PETER GAFFNEY, :

   and :

| | |
|---|---|
| VIRGINIA CROAK, | : |
| and | : |
| GREGORY GAFFNEY, | : |
| and | : |
| PAUL GAFFNEY, | : |
| and | : |
| ELLISA POREMBA, | : |
| and | : |
| MICHAEL GAFFNEY, | : |
| | : |
| Plaintiffs, | : |
| versus | : |
| THE ISLAMIC REPUBLIC OF IRAN<br>Ministry of Foreign Affairs<br>Khomeini Avenue<br>United Nations Street<br>Tehran, Iran, | :<br><br>:<br><br>: |
| and<br>THE IRANIAN MINISTRY<br>OF INFORMATION AND SECURITY<br>Pasdaran Avenue<br>Golestan Yekom<br>Tehran, Iran, | :<br><br>:<br><br>: |
| Defendants. | :<br>: |

## *COMPLAINT FOR DAMAGES*

(1) The instant action is brought by the your plaintiffs, all of them, *viz.,* Jeffrey Paul O'Brien, *et alii,* by their undersigned counsel, in the individual capacity of each plaintiff, under the Foreign Sovereign Immunities Act (28 United States Code, §§ 1602, *et seq.*) and the Common Law of the

2

District of Columbia, and the jurisdiction(s) of respective residence of each, as of the time of the subject injury to your plaintiffs known as Jeffrey Paul O'Brien and Daniel Lane Gaffney. All of your plaintiffs named herein are citizens of the United States of America. This Honorable Court may exercise subject matter jurisdiction over the instant matter, in accordance with the provisions of 28 United States Code §§ 1330(a), 1331, 1332(a)(2), and 1605. This Honorable Court may exercise *in personam* jurisdiction over the parties designated herein, *qua* defendants, in accordance with the provisions of 28 United States Code, § 1605 (a)(7). Venue in this Honorable Court is proper, in accordance with the provisions of 28 United States Code, § 1391(f)(4), which provides, in pertinent part, that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) Your plaintiffs in respect of the instant action consist of individuals who, at the time of the occurrence of the subject tortious acts complained of, were members of the United States Marine Corps (Jeffrey Paul O'Brien and Daniel Lane Gaffney), or else the respective family members of each of the aforesaid United States Marines who were injured in the attack on the headquarters building of the 24th Marine Amphibious Unit in Beirut, Lebanon on 23 October 1983. Members of the United States Marine Corps were assigned to the 24th Amphibious Unit. Members of the United States Navy and United States Army were present at the site of the subject occurrence in support of the 24th Amphibious Unit, either on a regular assigned basis, or, temporarily, on the said date of the subject occurrence.

(3) Your defendant known as The Islamic Republic of Iran, is a foreign sovereign state in the Middle East, situate between Iraq and Pakistan, and bordering the Gulf of Oman, the Persian Gulf, and the Caspian Sea, which was, at the time of occurrence of the acts hereinafter complained of and is, to the present, designated as a state sponsor of terrorism, pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, § 2405(j)).

(4) Your defendant known as The Iranian Ministry of Information and Security, is an agency of its co-defendant, *id est,* your defendant known as The Islamic Republic of Iran, whose activities included, at all times relevant to the instant action, *inter alia,* the initiation and prosecution of terrorist acts directed against the Armed Forces of the United States and United States Nationals, by and through material support to various terrorist organizations, including the Lebanese terrorist organization known as "*Hezbollah*".

(5) *Hezbollah*[1] is an organization of Lebanese Muslims who are adherents of the *Shi'a* or *Shi'ite* faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It also advocates the expulsion of the United States from the Near East, and is committed to violent action to that end, and, concomitantly, to the termination of the existence of the State of Israel, a goal chillingly echoed in recent public speeches by the current President of the Islamic Republic of Iran, *viz.,* Dr. Mahmoud Ahmadi Nejad. At all times relevant to this action, *Hezbollah* was being given extensive support by your defendants, which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel, as well as a social welfare program designed to garner political support amongst the *Shi'ite* population of Lebanon. In 1983, at the time of the acts which give rise to this action, *Hezbollah* was under the complete operational control of your defendants, through Iranian Revolutionary Guards units deployed within Lebanon. The *Shi'a* or *Shi'ite* Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence, and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by your defendants to *Hezbollah* was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the subject attack of 23 October 1983.

---

[1] The transliterated spelling of this word, in the Latin alphabet, differs slightly in various publications. However, it is believed that this spelling is the most common and reflects the phonetic Arabic pronunciation. The organization also refers to itself in some English language publications as the "Party of God", which is the literal English translation of the term.

4

(6) The mission statement of the 24th Amphibious Unit on 23 October 1983 was "to provide a presence in Beirut, that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital."[2] The Unit operated under normal, peacetime rules of engagement. Its geographic position was in a reinforced concrete building at the Beirut International Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the then ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding 23 October 1983.

(7) Acting on instructions from your defendants, *viz.,* The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of your defendants who were in operational control of *Hezbollah,* with high level technical participation which would not have been available to *Hezbollah* in the absence of Iranian control and participation, carried out the construction of a butane gas enhanced explosive device with an explosive force equal to 5,000 pounds of explosives, composed, largely, of PETN[3] which is believed to have been imported from Iran. This large explosive device was, in turn, mounted in a large Mercedes-Benz commercial water delivery truck of a type commonly seen on construction projects, which had been pre-determined by experts in Iranian terrorist activities to have sufficient weight to crash through an outer perimeter barbed wire emplacement, yet able to fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction, and, thence, a passenger entry

---

[2] Statement of General Paul X. Kelly, Former Commandant, United States Marine Corps.
[3] Pentaerythritol Tetranitrate – one of the strongest known non-nuclear high explosives.

hallway, into the center lobby of the building, to a position at which Iranian explosive experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 *a.m.*, Beirut time (*id est*, G.M.T. + 2 hours), on 23 October 1983, the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The total collapse of the four story, reinforced concrete structure, with an atrium, which ensued, resulted in the deaths of approximately 241 members of the Armed Forces of the United States, and injury to numerous others, including, *inter alios,* your plaintiffs Jeffrey Paul O'Brien and Daniel Lane Gaffney. At the time of the subject bombing, your defendants Jeffrey Paul O'Brien and Daniel Lane Gaffney were each bivouacked approximately fifty paces from the collapsed headquarters structure, and, hence, each was well with the blast area affected by the heat, concussion and noise caused by the subject blast which, incidentally, was described by F.B.I. explosives expert Danny Defenbaugh, who investigated the subject bombing, as the largest man made non-nuclear blast in history.

(8) The actions of the agents of your defendants, as detailed above, constituted manifold acts of torture, extra-judicial killing and the provision of material resources for such acts as defined in §2339A, Title 18, United States Code.

(9) The formation of *Hezbullah,* and its emergence as a major terrorist organization, was the product of direct intervention by and planning of, Iranian operatives, including the Iranian Revolutionary Guards, your defendant The Ministry of Information and Security, and Ali Akbar Mohtashemi, acting as Interior Minister of your defendant The Islamic Republic of Iran, as well as the then Iranian Ambassador to Syria. The above-referenced activities of *Hezbollah* were financed, technologically supported and commanded by Iranian military/intelligence operatives, operating under the direction and control of your defendants.

## FIRST COUNT
### (CLAIM OF JEFFREY PAUL O'BRIEN FOR PERSONAL INJURY RESULTING FROM ASSAULT)

(10) Your plaintiff known as Jeffrey Paul O'Brien, hereby repeats and re-alleges, as if set out in full, each and every allegation set forth above.

(11) On 23 October 1983, when the explosive device described above was detonated at Beirut, Lebanon, your plaintiff Jeffrey Paul O'Brien suffered severe and permanent injuries, including, *inter alia*, contusions and lacerations to his body, a probable concussion and severe stress and anxiety. These injuries were caused by a willful and deliberate act of the agents of your defendants and persons who had been materially assisted by your defendants for the purpose of inflicting physical injuries upon this plaintiff and others, and, by so doing, to intimidate the United States of America, to terrorize the American people, and to cause the withdrawal of the United States from the Near East and Africa. Those persons so acting on behalf of your defendants were at all times acting with the material support of the your defendants, and with the concurrence of your defendants, *viz.*, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(12) As a direct and proximate consequence of the intentional acts of the agents of your defendants, as set forth above, and the injuries thereby inflicted, your plaintiff Jeffrey Paul O'Brien has endured great discomfort, pain and suffering, humiliation and embarrassment, such that he has thereby suffered damages in the amount of ten million dollars ($10,000,000.00).

WHEREFORE, and for the foregoing reasons, your plaintiff Jeffrey Paul O'Brien demands judgment jointly and severally, against your defendants, *viz.*, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of ten million dollars ($10,000,000.00), with costs to follow.

## SECOND COUNT
### (CLAIM OF DANIEL LANE GAFFNEY FOR PERSONAL INJURY RESULTING FROM ASSAULT)

(13) Your plaintiff known as Daniel Lane Gaffney hereby repeats and re-alleges, as if set out in full, each and every allegation set forth above.

(14) On 23 October 1983, when the explosive device described above was detonated at Beirut, Lebanon, your plaintiff Daniel Lane Gaffney suffered severe and permanent injuries, including, *inter alia,* contusions and lacerations to his body, a probable concussion and severe stress and anxiety. These injuries were caused by a willful and deliberate act of the agents of your defendants and persons who had been materially assisted by your defendants for the purpose of inflicting physical injuries upon this plaintiff and others, and, by so doing, to intimidate the United States of America, to terrorize the American people, and to cause the withdrawal of the United States from the Near East and Africa. Those persons so acting on behalf of your defendants were at all times acting with the material support of the your defendants, and with the concurrence of your defendants, *viz.,* the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(15) As a direct and proximate consequence of the intentional acts of the agents of your defendants, as set forth above, and the injuries thereby inflicted, your plaintiff Daniel Lane Gaffney has endured great discomfort, pain and suffering, humiliation and embarrassment, such that he has thereby suffered damages in the amount of ten million dollars ($10,000,000.00).

WHEREFORE, and for the foregoing reasons, your plaintiff Daniel Lane Gaffney demands judgment jointly and severally, against your defendants, *viz.,* the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of ten million dollars ($10,000,000.00), with costs to follow.

### THIRD COUNT
### (CLAIMS OF JEFFREY PAUL O'BRIEN, LEONARD O'BRIEN, MARGARET O'BRIEN, STEPHEN O'BRIEN, ELLEN HORTON, AND ELIZABETH LINEHAN FOR INTENTIONAL INFLICTION OF MENTAL DISTRESS, ALSO KNOWN AS THE TORT OF OUTRAGE)

(16) Your plaintiffs known as Jeffrey Paul O'Brien, Leonard O'Brien, Margaret O'Brien, Stephen O'Brien, Ellen Horton and Elizabeth Linehan, hereby repeat and re-allege, as if set out in full, each and every allegation set forth hereinbefore.

(17) As a direct and intended consequence of the actions of your defendants, *viz.*, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, and the co-conspirators of your defendants who carried out the attacks above alleged, your plaintiffs whose names are set forth in the preceding paragraph, each suffered severe mental distress, which, upon information and belief, will continue for the balance of each such plaintiff's life, and each has thereby suffered damages in the amount of ten million dollars ($10,000,000.00).

WHEREFORE, and for the foregoing reasons, your plaintiffs known as Jeffrey Paul O'Brien, Leonard O'Brien, Margaret O'Brien, Stephen O'Brien, Ellen Horton and Elizabeth Linehan, each demand judgment against your defendants, *viz.*, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of twenty million dollars ($20,000,000.00), and, in the aggregate, the sum of one hundred and twenty million dollars ($120,000,000.00), with costs to follow.

### FOURTH COUNT
### (CLAIMS OF DANIEL LANE GAFFNEY, ROBERT EDWARD GAFFNEY, ROSEMAY GAFFNEY, DAVID GAFFNEY, PETER GAFFNEY, VIRGINIA CROAK, GREGORY GAFFNEY, PAUL GAFFNEY, ELLISA PORENBA AND MICHAEL GAFFNEY
### FOR
### INTENTIONAL INFLICTION OF MENTAL DISTRESS, ALSO KNOWN AS THE TORT OF OUTRAGE)

(18) Your plaintiffs known as Daniel Lane Gaffney, Robert Edward Gaffney, Rosemary Gaffney, David Gaffney, Peter Gaffney, Virginia Croak, Gregory Gaffney, Paul Gaffney, Ellisa Porenba and Michael Gaffney hereby repeat and re-allege, as if set out in full, each and every allegation set forth hereinbefore.

(19) As a direct and intended consequence of the actions of your defendants, *viz.*, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, and the co-conspirators of your defendants who carried out the attacks above alleged, your plaintiffs whose names are set forth in the preceding paragraph, each suffered severe mental distress, which, upon information and belief, will continue for the balance of each such plaintiff's life, and each has thereby suffered damages in the amount of ten million dollars ($10,000,000.00).

WHEREFORE, and for the foregoing reasons, your plaintiffs known as Daniel Lane Gaffney, Robert Edward Gaffney, Rosemary Gaffney, David Gaffney, Peter Gaffney, Virginia Croak, Gregory Gaffney, Paul Gaffney, Ellisa Porenba and Michael Gaffney each demand judgment against your defendants, *viz.*, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of twenty million dollars ($20,000,000.00), and, in the aggregate, the sum of one hundred and twenty million dollars ($120,000,000.00), with costs to follow.

## *FIFTH COUNT*
## *EXEMPLARY DAMAGES*
### *(Public Law 104-208, Div. A, Title I, § 101 ( C ))*

(20) Each of your plaintiffs referenced herein, repeats and re-alleges, as if set out herein in full, each and every allegation set forth hereinbefore.

(21) The actions of your defendants, carried out by their agents, as described above, were malicious, misanthropic, willful, unlawful, and in wanton disregard of life and the standards of law which govern the actions of civilized nations. The serious personal injury described above was intended as a result by each of your defendants. Neither of your former servicemen plaintiffs was engaged in war , nor was either engaged in police duties at the time of the subject occurrence. The actions of those individuals who carried out the attack described herein were within the scope of their agency on behalf of your defendants. Therefore, in accordance with the provisions of Public Law 104-208, Div. A, Title I, § 101 (C) , each of your plaintiffs is entitled to exemplary damages.

WHEREFORE, and for the foregoing reasons, your plaintiffs, and each of them, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of the aforementioned decedent's estate and each surviving plaintiff, in the amount of two hundred and fifty million dollars ($250,000,000.00), with costs to follow.

Dated: 14 April 2006, at Alexandria, Virginia, U.S.A.

                                            Respectfully submitted,

                                            */s/ Joseph Peter Drennan*
                                            JOSEPH PETER DRENNAN
                                            District of Columbia Unified
                                            Bar No. 358196
                                            218 North Lee Street
                                            Third Floor
                                            Alexandria, Virginia 22314
                                            Telephone: (703) 519-3773
                                            Facsimile: (703) 548-4399
                                            *E-Mail: joseph@josephpeterdrennan.com*

                                            ATTORNEY AND COUNSELLOR
                                            FOR PLAINTIFFS