UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEFFREY PAUL O'BRIEN, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 06-cv-690 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, | ) ) ) | |
| Defendant. | ) ) ) | |

### ADMINISTRATIVE PLAN GOVERNING SPECIAL MASTERS

"The courts of the United States may appoint special masters to hear damage claims brought under" the terrorism exception to the Foreign Sovereign Immunities Act. 28 U.S.C. § 1605A(e)(1). Federal Rule of Civil Procedure 53 permits the appointment of special masters to, *inter alia*, "resolve a difficult computation of damages." FED. R. CIV. P. 53(a)(1)(B)(ii). The appointment of special masters in this case will not impose undue expenses on any party and will not result in any unreasonable expenses or delay. *See* FED. R. CIV. P. 53(a)(3). To the contrary, the use of use of special masters will assist the Court in the efficient resolution of claims in this action. Accordingly, the following administrative plan shall govern the appointment of and all proceedings by all special masters in this action.

**I.     Qualifications.**

Each person appointed as a special master of this court under this plan shall be a member of the bar of the highest court of a state of the United States or the District of Columbia; shall have not less than five years experience as a practicing attorney or as a judge of a court of any state of the United States, the District of Columbia, or the United States; shall not be related to

any party or counsel appearing in this action; and shall not have any financial or other interest which would create a conflict of interest.  *See* FED. R. CIV. P. 53(a)(2).

## II.     Appointments.

For each person plaintiff seeks to be appointed as a special master, plaintiffs shall file the curriculum vitae of such person, an affidavit by such person attesting that such person has read and will abide by this plan, and an affidavit by such person disclosing whether there is any ground for such person's disqualification to be a special master.  *See* FED. R. CIV. P. 53(a)(2), (b)(3)(A).

## III.    Authority.

Special masters shall consider all issues related to compensatory damages as to each claim made by plaintiffs.  To do so, special masters shall have authority to exercise all powers set forth in Rule 53(c), including but not limited to the power to compel, take, and record evidence and to administer oaths.  *See* FED. R. CIV. P. 53(c)(1).  Testimony taken must be recorded either in a transcript or by electronic means, with all parties clearly identified.  All evidence taken or recorded shall be turned over to counsel for plaintiffs who shall preserve it for use by the Court.

As to the admissibility of evidence, such masters shall be guided by the Federal Rules of Evidence, but it shall not be necessary for documents to be qualified as genuine pursuant to Federal Rule of Evidence 901.  Authentication as required by Rule 901 shall be made by any counsel's representation as an officer of the Court that a proffered document is an accurate copy of what such counsel proffers it to be.  As to the evaluation of damages claims, special masters shall be guided by the Court's previous opinions in *Valore v. Islamic Republic of Iran*, Nos. 03-cv-1959, et al., 2010 WL 1244552 (D.D.C. Mar. 31 2010) and cases cited therein.

**IV.     Reports.**

Special masters shall submit reports to the Court containing findings of fact and conclusions of law regarding compensatory damages for claims referred to such masters. Each report shall contain an evaluation of each item of damages.

**V.      Compensation.**

For each day during which a special master works for an amount of time greater than zero but less than or equal to four hours, such master shall be paid $600.00. For each day during which a special master works for an amount of time greater than four hours, such master shall be paid $1,200.00. Each special master shall also be paid for such master's business expenses, excluding transportation expenses, incurred on any day of work; payment for such business expenses shall be limited to $350.00 per day such expenses are incurred. In addition, each special master shall be paid for such master's transportation expenses incurred on any day of work; payment for such transportation expenses shall be unlimited. Should any question arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expenses under Treas. Reg. § 1.162-1 shall be paid.

The Foreign Sovereign Immunities Act provides that special masters appointed to hear damages claims brought under the terrorism exception to the general rule of foreign sovereign immunity shall be compensated "from funds available for the program under section 1404C of the Victims of Crime Act of 1984." 28 U.S.C. § 1605A(e)(2); *see In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 61 (2009) ("[T]he new terrorism exception now provides that special masters should be reimbursed for their work from the Attorney General's Victims of Crime Fund."). Within two weeks of the entry of any damages award in this case, special

masters seeking payment shall provide plaintiffs with vouchers itemizing, for each day of work, the amount of time worked, the nature of the work done, and the amount of any business or travel expenses incurred.  Such vouchers should also include a calculation of total payment sought.  Within two weeks of receiving any such voucher, plaintiffs shall file a motion with the Court seeking the Court's order that Clerk coordinate payment with the Office for Victims of Crime, Office of Justice Programs, U.S. Department of Justice.  Plaintiffs shall append any such vouchers to any such motions.

Amounts paid from the Victims of Crime Fund shall be reimbursed to the Fund from any amounts received in satisfaction, partial or otherwise, of any judgment entered on behalf of plaintiffs.  Upon application by plaintiffs, all such reimbursements shall be taxed upon the defendant or defendants against which judgment is rendered.

SO ORDERED.

Signed by Chief Judge Royce C. Lamberth on July 2, 2010.